2008 MAR -7 PM 12:58

SECRET

unsealed 3/13/08 per order

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

July 2007 Grand Jury '08 CR 0682 JLS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARISELA CASTRO-JUAREZ (1),<br>MARISA MELENA MAFNAS (2),<br>DAVID MONTES (3),<br>JULIE HERNANDEZ (4),<br>RANDAL MARK PANTER (5),<br>LORENZO PECORARO (6),<br>JOSE PARADA-VELAZQUEZ (7),<br>JOHN WALTER SCHUH (8),<br><br>Defendants. | Criminal Case No. ____________<br><br>I N D I C T M E N T<br><br>Title 18, U.S.C., Sec. 371; Title 8, U.S.C., Sec. 1324(a)(2)(B)(ii) - Conspiracy to Bring in Illegal Aliens for Financial Gain; Title 8, U.S.C., Secs. 1324(a)(1)(A)(ii) and (v)(I) - Conspiracy to Transport Illegal Aliens; Title 8, U.S.C., Sec. 1324(a)(2)(B)(ii) - Bringing in Illegal Aliens for Financial Gain; Title 8, U.S.C., Sec. 1324(a)(1)(A)(ii) and (v)(II) - Transportation of Illegal Aliens and Aiding and Abetting; Title 18, U.S.C., Sec. 1957 - Engaging in Monetary Transactions in Property Derived from Unlawful Activity; Title 18, U.S.C., Sec. 1956(a)(1)(B)(ii) - Laundering of Monetary Instruments; Title 18, U.S.C., Sec. 2 - Aiding and Abetting; Title 18, U.S.C., Sec. 982 - Criminal Forfeiture |

//

//

//

SFM:nlv(1):San Diego
3/7/08

The grand jury charges:

Count 1

Beginning at a date unknown to the grand jury and continuing up to and including August 1, 2007, within the Southern District of California, and elsewhere, defendants MARISELA CASTRO-JUAREZ, MARISA MELENA MAFNAS, DAVID MONTES, JULIE HERNANDEZ, RANDAL MARK PANTER, LORENZO PECORARO, JOSE PARADA-VELAZQUEZ, and JOHN WALTER SCHUH, with the intent to violate the immigration laws of the United States, did knowingly and intentionally conspire together and with each other and with other persons known and unknown to the grand jury, to commit offenses against the United States, namely:

OBJECTS OF THE CONSPIRACY

1. To bring to the United States, aliens, knowing that the persons were aliens, at a place other than a designated port of entry, and at a place other than designated by the Commissioner of the Immigration and Naturalization Service, with the intent to violate the immigration laws of the United States, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(i).

2. To bring illegal aliens into the United States for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii).

3. To transport and move illegal aliens within the United States, knowing that such aliens had come to, entered, and remained in the United States in violation of law, and with the intent to violate the immigration laws of the United States, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

4. To conceal, harbor, and shield from detection, illegal aliens, knowing that such aliens had come to, entered, and remained

in the United States in violation of law, and with the intent to violate the immigration laws of the United States, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii).

OVERT ACTS

In furtherance of said conspiracy and to effect and accomplish the objects thereof, the following overt acts, among others, were committed within the Southern District of California, and elsewhere:

1. On or about October 24, 2001, defendant MARISELA CASTRO-JUAREZ drove a Saturn station wagon from Mexico into the United States at the San Ysidro, California, Port of Entry carrying an undocumented alien concealed in a modified dashboard compartment.

2. On or about June 13, 2002, defendant JOHN WALTER SCHUH drove a Dodge Minivan that was registered to defendant MARISA MELENA MAFNAS to an area approximately 9 miles east of the Tecate, California, Port of Entry carrying eight undocumented aliens concealed in the trunk.

3. On or about March 20, 2002, defendant MARISELA CASTRO-JUAREZ drove a Volkswagon Jetta on State Route 94 near Potrero, California, and placed a phone call to Jeri Stephenson (not charged herein) instructing Stephenson to "just drive eastbound" in a 2002 Dodge Caravan that contained four undocumented aliens.

4. On or about January 9, 2004, defendant LORENZO PECORARO rode as a passenger in a Ford Probe driven from Mexico into the United States at the Otay Mesa, California, Port of Entry carrying one undocumented alien concealed in a modified dashboard compartment.

5. On or about March 25, 2004, defendant JOHN WALTER SCHUH drove a Dodge Avenger from Mexico into the United States at the San Ysidro, California, Port of Entry carrying three undocumented aliens concealed in the trunk.

6. On or about May 7, 2004, defendant LORENZO PECORARO drove a BMW 325 from Mexico into the United States at the San Ysidro, California, Port of Entry carrying three undocumented aliens concealed in the trunk of the vehicle.

7. On or about November 30, 2004, defendant MARISELA CASTRO-JUAREZ drove a blue Volvo from Mexico into the United States through the San Ysidro, California, Port of Entry, picked up Juan Apolinar-Juarez (charged elsewhere) and drove to a Burger King restaurant at the intersection of Dairy Mart Road and West San Ysidro Boulevard, where Apolinar-Juarez got out of the Volvo, walked over to a nearby hotel, and got into the passenger side of a white Pontiac occupied by Antolin Elias (charged elsewhere) and three undocumented aliens in the back seat.

8. On or about September 14, 2005, defendant MARISA MELENA MAFNAS drove a Mazda MX-6 from Mexico into the United States at the San Ysidro, California, Port of Entry carrying one undocumented alien concealed in a modified dashboard compartment.

9. On or about September 16, 2005, Yesenia Garcia-Reyna (charged elsewhere) drove a Volkswagon Beetle from Mexico into the United States at the San Ysidro, California, Port of Entry carrying three undocumented aliens in the passenger compartment.

10. On or about October 3, 2005, Yesenia Garcia-Reyna drove a Hyundai Elantra from Mexico into the United States at the San Ysidro, California, Port of Entry carrying one undocumented alien in the passenger compartment.

11. On or about October 5, 2005, Yesenia Garcia-Reyna drove a Hyundai 300CD from Mexico into the United States at the San Ysidro, California, Port of Entry carrying one undocumented alien in the passenger compartment.

12. On or about November 6, 2005, defendant JOHN WALTER SCHUH drove a Chevrolet Impala from Mexico into the United States at the San Ysidro, California, Port of Entry carrying four undocumented aliens concealed in the trunk.

13. On or about November 6, 2005, defendant JULIE HERNANDEZ rode as a passenger in a Geo Metro driven from Mexico into the United States at the San Ysidro, California, Port of Entry carrying one undocumented alien concealed in a modified dashboard compartment.

14. On or about November 12, 2005, defendant JULIE HERNANDEZ drove a 1993 Chevrolet Geo from Mexico into the United States at the Otay Mesa, California, Port of Entry carrying one undocumented alien concealed in a modified dashboard compartment.

15. On or about November 22, 2005, Yesenia Garcia-Reyna drove a Ford Escort from Mexico into the United States at the San Ysidro, California, Port of Entry carrying one undocumented alien in the passenger compartment.

16. On or about December 13, 2005, defendant JULIE HERNANDEZ drove a Mitsubishi Galant from Mexico into the United

States at the San Ysidro, California, Port of Entry carrying one undocumented alien concealed in a modified dashboard compartment.

17. On or about On January 5, 2006, Reynalda Gonzalez (charged elsewhere) drove and Amber Ann Varao (charged elsewhere) rode as a passenger in a Ford Aspire from Mexico into the United States at the San Ysidro, California, Port of Entry carrying one undocumented alien concealed under the driver's seat.

18. On or about January 10, 2006, Wesley Dean Hardesty (charged elsewhere) drove and Amber Ann Varao rode as a passenger in a Geo Storm from Mexico into the United States at the San Ysidro, California, Port of Entry carrying one undocumented alien in the passenger compartment.

19. On or about January 17, 2006, Wesley Dean Hardesty drove a Chevrolet Cavalier from Mexico into the United States at the San Ysidro, California, Port of Entry carrying one undocumented alien concealed in the side floorboard.

20. On or about January 24, 2006, Wesley Dean Hardesty rode as a passenger along Highway 188 in a Hyundai Elantra that was registered to defendant JOSE PARADA-VELAZQUEZ, with a stated address of defendant MARISELA CASTRO-JUAREZ's home at 1514 Amador Street in Chula Vista, California, that contained two undocumented aliens in the passenger compartment.

21. On or about January 31, 2006, Yesenia Garcia-Reyna drove and Lizbeth Flores (charged elsewhere) rode as a passenger in a Daewoo Lanos from Mexico into the United States at the

San Ysidro, California, Port of Entry carrying one undocumented alien concealed in a modified dashboard compartment.

22. On or about February 1, 2006, Wesley Dean Hardesty drove a Pontiac Grand Am from Mexico into the United States at the San Ysidro, California, Port of Entry carrying three undocumented aliens concealed in the trunk.

23. On or about March 6, 2006, defendant MARISELA CASTRO-JUAREZ rented a Dodge Caravan.

24. On or about March 12, 2006, defendant JOHN WALTER SCHUH drove a Jeep Liberty near the intersection of Thing Road and Humphries Road, California, with six undocumented aliens in the passenger compartment.

25. On or about March 21, 2006, defendant LORENZO PECORARO drove the Dodge Caravan that defendant MARISELA CASTRO-JUAREZ rented carrying five undocumented aliens in the passenger compartment.

26. On or about March 28, 2006, Ricardo Reyes (charged elsewhere) picked up two undocumented aliens at the McDonald's Restaurant, took them to his residence in San Diego, California, and contacted the aliens' sponsors, to arrange a meeting at the Denny's Restaurant in San Clemente, California, where the sponsors would pick up the aliens.

27. On or about March 29, 2006, Ricardo Reyes drove a Ford Explorer in tandem with a Infiniti J30 driven by Joshua Roman (charged elsewhere) toward the Interstate 5 Border Patrol Checkpoint in San Clemente, California.

28. On or about March 29, 2006, Ricardo Reyes drove the Ford Explorer to the rest area located at mile marker 59, and Joshua Roman drove the Infiniti through the San Clemente checkpoint with the two undocumented aliens in the back seat of the vehicle.

29. On or about March 29, 2006, Wesley Dean Hardesty drove a Ford Aspire to the Interstate 8 Border Patrol checkpoint carrying an undocumented alien concealed on the floorboard in the rear of the car.

30. On or about April 13, 2006, defendant RANDAL MARK PANTER drove an Infiniti G20T from Mexico into the United States at the San Ysidro, California, Port of Entry carrying three undocumented aliens concealed in the trunk.

31. On or about June 16, 2006, Yesenia Garcia-Reyna drove a Chrysler PT Cruiser to the State Route 94 Border Patrol checkpoint carrying two undocumented aliens concealed in the trunk and one undocumented alien concealed under a blanket.

32. On or about July 16, 2006, defendant RANDAL MARK PANTER drove and Wesley Dean Hardesty rode as a passenger in a Dodge Neon to the Old Highway 80 Border Patrol checkpoint near Pine Valley, California carrying two undocumented aliens concealed in the trunk and one undocumented alien concealed under a sign behind the rear seat.

33. On or about August 2, 2006, defendant MARISELA CASTRO-JUAREZ, drove a Nissan Altima to a meeting with defendant RANDAL MARK PANTER.

34. On or about August 2, 2006, defendant RANDAL MARK PANTER drove a rented Chrysler 300M to a "Kragen Auto Parts" store, returned home to his residence where he installed coil boosters on the suspension of the Chrysler 300M.

35. On or about August 2, 2006, defendant RANDAL MARK PANTER and Patricia Prohl (not charged herein) drove the rented Chrysler 300M to the Old Highway 80 Border Patrol Checkpoint carrying three undocumented aliens concealed in the trunk.

36. On or about August 10, 2006, Yesenia Garcia-Reyna drove and Lizbeth Flores rode as a passenger in a Ford Escort to the State Route 94 Border Patrol checkpoint near Jamul, California carrying two undocumented aliens concealed in the passenger compartment.

37. On or about August 14, 2006, defendant RANDAL MARK PANTER drove defendant MARISELA CASTRO-JUAREZ's white Nissan Altima, along Old Highway 80, three undocumented aliens concealed in the trunk.

38. On or about September 24, 2006, Wesley Dean Hardesty drove a Dodge Stratus to the State Route 94 Border Patrol Checkpoint carrying three undocumented aliens concealed in the trunk.

39. On or about October 25, 2006, defendant DAVID MONTES drove a Honda Accord to the Interstate 8 Border Patrol Checkpoint near Pine Valley, California, carrying two undocumented aliens concealed in the trunk.

40. On or about January 25, 2007, Wesley Dean Hardesty drove a Toyota Camry to the State Route 94 Border Patrol Checkpoint carrying two undocumented aliens concealed in the trunk.

41. On or about February 15, 2007, defendant JOSE PARADA-VELAZQUEZ exited his residence in Chula Vista, California, and drove a Honda Accord to a gas station, wiped down the trunk of the car, vacuumed the inside, and then drove to Melrose Avenue in Chula Vista.

42. On or about February 15, 2007, defendant MARISELA CASTRO-JUAREZ drove and defendant RANDAL MARK PANTER rode as a passenger in a Toyota Sienna, rented by defendant MARISELA CASTRO-JUAREZ, to Melrose Avenue and stopped next to the Honda Accord occupied by defendant JOSE PARADA-VELAZQUEZ.

43. On or about February 15, 2007, defendant JOSE PARADA-VELAZQUEZ exited the Honda Accord and delivered set of keys to defendant RANDAL MARK PANTER.

44. On or about February 15, 2007, defendant MARISELA CASTRO-JUAREZ drove and defendant JOSE PARADA-VELAZQUEZ rode as a passenger in a Toyota Sienna away from the meeting at Melrose Avenue.

45. On or about February 15, 2007, defendant RANDAL MARK PANTER drove the Honda Accord to the State Route 94 Border Patrol Checkpoint carrying three undocumented aliens concealed in the trunk.

46. On or about March 9, 2007, defendant DAVID MONTES drove and defendant MARISELA CASTRO-JUAREZ rode as a passenger in a Chrysler Sebring, that was rented by defendant MARISELA

CASTRO-JUAREZ, on East Palomar Street in Chula Vista, California.

47. On or about March 10, 2007, defendant DAVID MONTES drove the Chrysler Sebring to the State Route 94 Border Patrol Checkpoint near Dulzura, California, carrying two undocumented aliens in the passenger compartment.

48. On or about August 1, 2007, defendant JOHN WALTER SCHUH drove a Chevy Malibu to the Interstate 8 United States Border Patrol Checkpoint carrying two undocumented aliens concealed in the trunk of the vehicle.

49. On or about January 25, 2008, defendant MARISA MELENA MAFNAS drove a Honda Accord to the Interstate 8 United States Border Patrol Checkpoint carrying two undocumented aliens concealed in the trunk of the vehicle.

All in violation of Title 18, United States Code, Section 371.

Count 2

On or about January 9, 2004, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and LORENZO PECORARO, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Luisa Cortes-Matias, had not received prior official authorization to come to, enter and reside in the United States, did bring to and attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

//

//

Count 3

On or about March 25, 2004, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and JOHN WALTER SCHUH, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Arturo Ruiz-Davalos, had not received prior official authorization to come to, enter and reside in the United States, did bring to and attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

Count 4

On or about March 25, 2004, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and JOHN WALTER SCHUH, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Rocio Lopez-Sevillo, had not received prior official authorization to come to, enter and reside in the United States, did bring to and attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

Count 5

On or about March 25, 2004, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and JOHN WALTER SCHUH, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Cesar Torres-Perez, had not received prior official authorization to

come to, enter and reside in the United States, did bring to and attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

Count 6

On or about May 7, 2004, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and LORENZO PECORARO, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Maria Salas-Carrillo, had not received prior official authorization to come to, enter and reside in the United States, did bring to and attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

Count 7

On or about May 7, 2004, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and LORENZO PECORARO, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Alicia Santiago, had not received prior official authorization to come to, enter and reside in the United States, did bring to and attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

//

Count 8

On or about May 7, 2004, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and LORENZO PECORARO, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Eduardo Reyes, had not received prior official authorization to come to, enter and reside in the United States, did bring to and attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

Count 9

On or about September 14, 2005, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and MARISA MELENA MAFNAS, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Carla Chavarin-Carmona, had not received prior official authorization to come to, enter and reside in the United States, did bring to and attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

Count 10

On or about September 16, 2005, within the Southern District of California, defendant MARISELA CASTRO-JUAREZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Marta Munoz-Josefina, had not received prior official authorization to come to,

enter and reside in the United States, did bring to and attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

Count 11

On or about October 3, 2005, within the Southern District of California, defendant MARISELA CASTRO-JUAREZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Evangelina Alfaro-Garcia, had not received prior official authorization to come to, enter and reside in the United States, did bring to and attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

Count 12

On or about October 5, 2005, within the Southern District of California, defendant MARISELA CASTRO-JUAREZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Maribel Rios-Murrillo, had not received prior official authorization to come to, enter and reside in the United States, did bring to and attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

//

Count 13

On or about November 6, 2005, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and JOHN WALTER SCHUH, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Guillermina Contreras-Calderon, had not received prior official authorization to come to, enter and reside in the United States, did bring to and attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

Count 14

On or about November 6, 2005, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and JOHN WALTER SCHUH, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Dora Nely Beltran-Frias, had not received prior official authorization to come to, enter and reside in the United States, did bring to and attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

Count 15

On or about November 6, 2005, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and JOHN WALTER SCHUH, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Erika Vanessa Hernandez-Ramos, had not received prior official

authorization to come to, enter and reside in the United States, did bring to and attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

Count 16

On or about November 6, 2005, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and JOHN WALTER SCHUH, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Jesus Millan-Hernandez, had not received prior official authorization to come to, enter and reside in the United States, did bring to and attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

Count 17

On or about November 6, 2005, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and JULIE HERNANDEZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Sergio Hernandez-Mares, had not received prior official authorization to come to, enter and reside in the United States, did bring to and attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

//

Count 18

On or about November 12, 2005, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and JULIE HERNANDEZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Rosalia Rodriguez-Rodriguez, had not received prior official authorization to come to, enter and reside in the United States, did bring to and attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

Count 19

On or about November 22, 2005, within the Southern District of California, defendant MARISELA CASTRO-JUAREZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Isabel Portillo-Aguilar, had not received prior official authorization to come to, enter and reside in the United States, did bring to and attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

Count 20

On or about December 13, 2005, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and JULIE HERNANDEZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Francisco Zaragoza-Basulto, had not received prior official

authorization to come to, enter and reside in the United States, did bring to and attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

Count 21

On or about January 5, 2006, within the Southern District of California, defendant MARISELA CASTRO-JUAREZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Jaime Lopez-Hernandez, had not received prior official authorization to come to, enter and reside in the United States, did bring to and attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

Count 22

On or about January 10, 2006, within the Southern District of California, defendant MARISELA CASTRO-JUAREZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, David Gonzalo Noriegaj-Velazquez, had not received prior official authorization to come to, enter and reside in the United States, did bring to and attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

//

Count 23

On or about January 17, 2006, within the Southern District of California, defendant MARISELA CASTRO-JUAREZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Maria Sandoval-Franco, had not received prior official authorization to come to, enter and reside in the United States, did bring to and attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

Count 24

On or about January 31, 2006, within the Southern District of California, defendant MARISELA CASTRO-JUAREZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Araceli Alonso-Andres, had not received prior official authorization to come to, enter and reside in the United States, did bring to and attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

Count 25

On or about February 1, 2006, within the Southern District of California, defendant MARISELA CASTRO-JUAREZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Artemio Hernandez-Hernandez, had not received prior official authorization to

come to, enter and reside in the United States, did bring to and attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

Count 26

On or about March 12, 2006, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and JOHN WALTER SCHUH, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Leticia Casillas Sasillas, had come to, entered and remained in the United States in violation of law, did transport and move and attempt to transport and move said alien within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

Count 27

On or about March 12, 2006, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and JOHN WALTER SCHUH, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Diego Gonzalez-Rojas, had come to, entered and remained in the United States in violation of law, did transport and move and attempt to transport and move said alien within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

//

//

//

Count 28

On or about March 21, 2006, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and LORENZO PECORARO, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Arecelia Barroso-Duran, had come to, entered and remained in the United States in violation of law, did transport and move and attempt to transport and move said alien within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

Count 29

On or about March 21, 2006, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and LORENZO PECORARO, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Elena Flores-Cruz, had come to, entered and remained in the United States in violation of law, did transport and move and attempt to transport and move said alien within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

Count 30

On or about April 13, 2006, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and RANDAL MARK PANTER, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Manuel Cruz-Cruz, had not received prior official authorization to come to, enter and reside in the United States, did bring to and attempt to bring to the United States said alien for the purpose of

commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

<u>Count 31</u>

On or about April 13, 2006, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and RANDAL MARK PANTER, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Gabriel Zapata-Cruz, had not received prior official authorization to come to, enter and reside in the United States, did bring to and attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

<u>Count 32</u>

On or about April 13, 2006, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and RANDAL MARK PANTER, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Marcial Santiago-Cruz, had not received prior official authorization to come to, enter and reside in the United States, did bring to and attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

//

//

//

Count 33

On or about July 16, 2006, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and RANDAL MARK PANTER, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Jaime Almanza-Tinoco, had come to, entered and remained in the United States in violation of law, did transport and move and attempt to transport and move said alien within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

Count 34

On or about July 16, 2006, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and RANDAL MARK PANTER, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Sergio Aurelio Aguirre-Tinoco, had come to, entered and remained in the United States in violation of law, did transport and move and attempt to transport and move said alien within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

Count 35

On or about July 16, 2006, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and RANDAL MARK PANTER, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Juan Sanchez-Cortez, had come to, entered and remained in the United States in violation of law, did transport and move and attempt to transport and move said alien within the United States in furtherance

of such violation of law; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

Count 36

On or about August 2, 2006, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and RANDAL MARK PANTER, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Lorenzo Castillo-Mendez, had come to, entered and remained in the United States in violation of law, did transport and move and attempt to transport and move said alien within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

Count 37

On or about August 2, 2006, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and RANDAL MARK PANTER, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Alfredo Herrera-Hernandez, had come to, entered and remained in the United States in violation of law, did transport and move and attempt to transport and move said alien within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

Count 38

On or about August 2, 2006, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and RANDAL MARK PANTER, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Martin Castillo-Mendez, had come to, entered and remained in the

United States in violation of law, did transport and move and attempt to transport and move said alien within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

Count 39

On or about August 14, 2006, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and RANDAL MARK PANTER, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Yesica Villa-Garcia, had come to, entered and remained in the United States in violation of law, did transport and move and attempt to transport and move said alien within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

Count 40

On or about August 14, 2006, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and RANDAL MARK PANTER, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Daniel Mentencur-Alvarado, had come to, entered and remained in the United States in violation of law, did transport and move and attempt to transport and move said alien within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

Count 41

On or about August 14, 2006, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and RANDAL MARK PANTER, with the intent to violate the immigration laws of the United States,

knowing and in reckless disregard of the fact that an alien, namely, Vicente Villa-Marin, had come to, entered and remained in the United States in violation of law, did transport and move and attempt to transport and move said alien within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

Count 42

On or about October 25, 2006, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and DAVID MONTES, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Jesus Bravo-Rascon, had come to, entered and remained in the United States in violation of law, did transport and move and attempt to transport and move said alien within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

Count 43

On or about October 25, 2006, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and DAVID MONTES, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Eric Arnoldo Meza-Rodriguez, had come to, entered and remained in the United States in violation of law, did transport and move and attempt to transport and move said alien within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

//

//

Count 44

On or about February 15, 2007, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ, RANDAL MARK PANTER and JOSE PARADA-VELAZQUEZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Jorge Hernandez-Benitez, had come to, entered and remained in the United States in violation of law, did transport and move and attempt to transport and move said alien within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

Count 45

On or about February 15, 2007, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ, RANDAL MARK PANTER and JOSE PARADA-VELAZQUEZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Maria Oseguera-Oseguera, had come to, entered and remained in the United States in violation of law, did transport and move and attempt to transport and move said alien within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

Count 46

On or about February 15, 2007, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ, RANDAL MARK PANTER and JOSE PARADA-VELAZQUEZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Juli Montes-Garcia, had come to, entered and

remained in the United States in violation of law, did transport and move and attempt to transport and move said alien within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

Count 47

On or about March 10, 2007, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and DAVID MONTES, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Leonardo Perez-Cortez, had come to, entered and remained in the United States in violation of law, did transport and move and attempt to transport and move said alien within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

Count 48

On or about March 10, 2007, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and DAVID MONTES, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Erendia Lopez-Cruz, had come to, entered and remained in the United States in violation of law, did transport and move and attempt to transport and move said alien within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

Count 49

On or about August 1, 2007, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and JOHN WALTER SCHUH, with the intent to violate the immigration laws of the United States,

knowing and in reckless disregard of the fact that an alien, namely, Elizabeth Zamora-Perez, had come to, entered and remained in the United States in violation of law, did transport and move and attempt to transport and move said alien within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

<u>Count 50</u>

On or about August 1, 2007, within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and JOHN WALTER SCHUH, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Pedro Ruiz-Silva, had come to, entered and remained in the United States in violation of law, did transport and move and attempt to transport and move said alien within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

<u>Count 51</u>

On or about January 25, 2008 within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and MARISA MELENA MAFNAS, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Teresa Hernandez Samano, had come to, entered and remained in the United States in violation of law, did transport and move and attempt to transport and move said alien within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

//

//

Count 52

On or about January 25, 2008 within the Southern District of California, defendants MARISELA CASTRO-JUAREZ and MARISA MELENA MAFNAS, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Jose Hernandez Samano, had come to, entered and remained in the United States in violation of law, did transport and move and attempt to transport and move said alien within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (v)(II).

Count 53

(Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

On or about August 28, 2003, within the Southern District of California, defendant MARISELA CASTRO-JUAREZ, did knowingly engage and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is the deposit of funds in the amount of a $44,300 cashier's check number 2015371513, payable to defendant MARISELA CASTRO-JUAREZ, into Bank of America account no. xxxxxx7755, such property having been derived from a specified unlawful activity, that is a violation of Title 8, United States Code, Section 1324(a) (bringing in, transporting, or harboring illegal aliens, or conspiracy to commit such offense); in violation of Title 18, United States Code, Section 1957, and Section 2.

//

//

//

Count 54

(Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

On or about January 16, 2004, within the Southern District of California, defendant MARISELA CASTRO-JUAREZ, did knowingly engage and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is the transfer of funds in the amount of a $49,336.75 from Bank of America account no. xxxxxx7755, to Bank of America Certificate of Deposit account no. xxxxxx1738, such property having been derived from a specified unlawful activity, that is a violation of Title 8, United States Code, Section 1324(a) (bringing in, transporting, or harboring illegal aliens, or conspiracy to commit such offense); in violation of Title 18, United States Code, Section 1957, and Section 2.

Count 55

(Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

On or about May 20, 2004, within the Southern District of California, defendant MARISELA CASTRO-JUAREZ, did knowingly engage and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is the transfer of funds in the amount of $100,000 from Bank of America Certificate of Deposit account no. xxxxxx1738 to Bank of America cashier's check number 2017177949, payable to McMillin Escrow, such property having been derived from a specified unlawful activity, that is a violation of Title 8, United States Code, Section 1324(a)

(bringing in, transporting, or harboring illegal aliens, or conspiracy to commit such offense); in violation of Title 18, United States Code, Section 1957, and Section 2.

Count 56

(Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

On or about May 20, 2004, within the Southern District of California, defendant MARISELA CASTRO-JUAREZ, did knowingly engage and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is the payment of a $20,000 Bank of America cashier's check number 2017177948 to McMillin Escrow, such property having been derived from a specified unlawful activity, that is a violation of Title 8, United States Code, Section 1324(a) (bringing in, transporting, or harboring illegal aliens, or conspiracy to commit such offense); in violation of Title 18, United States Code, Section 1957, and Section 2.

Count 57

(Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

On or about July 19, 2004, within the Southern District of California, defendant MARISELA CASTRO-JUAREZ, did knowingly engage and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is the deposit of funds in the amount of $16,000 into Bank of America account no. xxxxxx7755, such property having been derived from a

specified unlawful activity, that is a violation of Title 8, United States Code, Section 1324(a) (bringing in, transporting, or harboring illegal aliens, or conspiracy to commit such offense); in violation of Title 18, United States Code, Section 1957, and Section 2.

Count 58

(Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

On or about July 12, 2006, within the Southern District of California, defendant MARISELA CASTRO-JUAREZ, did knowingly engage and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is the withdrawal of funds in the amount of $10,500 from Bank of America account no. xxxxxx7755, such property having been derived from a specified unlawful activity, that is a violation of Title 8, United States Code, Section 1324(a) (bringing in, transporting, or harboring illegal aliens, or conspiracy to commit such offense); in violation of Title 18, United States Code, Section 1957, and Section 2.

Counts 59-77

(Laundering of Monetary Instruments)

On or about the dates listed in the chart below, within the Southern District of California, defendant MARISELA CASTRO-JUAREZ, did knowingly conduct and attempt to conduct the financial transactions listed in the chart below, affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is a violation of Title 8, United States Code, Section 1324(a) (bringing in, transporting, or harboring illegal aliens, or conspiracy to commit such offense), knowing that the transaction was designed in whole and

in part to avoid a transaction reporting requirement under Federal law, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions, that is funds in the amounts listed in the chart below, represented the proceeds of some form of unlawful activity:

| COUNT | DATE | TRANSACTION |
|---|---|---|
| 59 | 5/21/2003 | Deposit of $9,950 cash into Bank of America account no. xxxxxx7755. |
| 60 | 9/23/2003 | Withdrawal of $5,000 cash from Bank of America account no. xxxxxx7755. |
| 61 | 9/24/2003 | Withdrawal of $9,000 cash from Bank of America account no. xxxxxx7755. |
| 62 | 11/24/2003 | Withdrawal of $9,500 cash from Bank of America account no. xxxxxx7755. |
| 63 | 3/15/2004 | Deposit of $9,900 cash into Bank of America account no. xxxxxx7755. |
| 64 | 4/7/2004 | Deposit of $9,900 cash into Bank of America account no. xxxxxx7755. |
| 65 | 7/30/2004 | Deposit of $9,900 cash into Bank of America account no. xxxxxx7755. |
| 66 | 1/13/2005 | Deposit of $9,000 cash into Bank of America account no. xxxxxx7755. |
| 67 | 1/18/2005 | Deposit of $1,900 cash into Bank of America account no. xxxxxx7755. |
| 68 | 2/14/2005 | Deposit of $9,950 cash into Bank of America account no. xxxxxx7755. |
| 69 | 2/24/2005 | Deposit of $4,000 cash into Bank of America account no. xxxxxx7755. |
| 70 | 11/3/2005 | Deposit of $4,500 cash into Bank of America account no. xxxxxx7755. |
| 71 | 11/7/2005 | Deposit of $6,500 cash into Bank of America account no. xxxxxx7755. |
| 72 | 11/29/2005 | Deposit of $7,500 cash into Bank of America account no. xxxxxx7755. |

| COUNT | DATE | TRANSACTION |
|---|---|---|
| 73 | 11/29/2005 | Deposit of $6,700 cash into Bank of America account no. xxxxxx7755. |
| 74 | 12/8/2005 | Deposit of $9,300 cash into Bank of America account no. xxxxxx7755. |
| 75 | 12/12/2005 | Deposit of $2,000 cash into Bank of America account no. xxxxxx7755. |
| 76 | 2/21/2006 | Deposit of $5,500 cash into Bank of America account no. xxxxxx7755. |
| 77 | 2/28/2006 | Deposit of $4,500 cash into Bank of America account no. xxxxxx7755. |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii), and Section 2.

## FORFEITURE ALLEGATIONS

1. The allegations contained in Counts 1 through 52 of this Indictment are realleged and by their reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 982(a)(6).

2. Upon conviction of one or more of the offenses alleged in Counts 1 through 52, which involve violations of Title 8, United States Code, Section 1324(a), and pursuant to Title 18, United States Code, Section 982(a)(6), defendants MARISELA CASTRO-JUAREZ; DAVID MONTES; JULIE HERNANDEZ; RANDAL MARK PANTER; MARISA MELENA MAFNAS; LORENZO PECORARO; JOSE PARADA-VELAZQUEZ; and JOHN WALTER SCHUH, shall forfeit to the United States all their rights, title and interest in the following: (a) any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense of which the defendant is convicted; (b) any property real or personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or

indirectly from the commission of the offense of which the defendant is convicted; and (c) any property real or personal, that is used to facilitate, and is intended to be used to facilitate, the commission of the offense of which the defendant is convicted; this property includes but is not limited to the following:

a. A sum of money equal to, but not limited to, at least $598,775.00 in United States currency, representing the amount of proceeds obtained as a result of the violation of Title 8, United States Code, Section 1324(a), for which defendants MARISELA CASTRO-JUAREZ; DAVID MONTES; JULIE HERNANDEZ; RANDAL MARK PANTER; MARISA MELENA MAFNAS; LORENZO PECORARO; JOSE PARADA-VELAZQUEZ; and JOHN WALTER SCHUH are jointly and severally liable.

b. All that lot of parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, located at 1514 Amador Street, Chula Vista, California, more particularly described as:

**Lot 41 of Chula Vista Tract No. 96-04, Otay Ranch Village 1 Neighborhood R-8, according to map thereof no. 13761, filed in the Office of the County Recorder of San Diego County on April 16, 1999 as instrument no. 99-257169 of official records.**

3 The allegations contained in Counts 53 through 77 are realleged and by reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America.

4. Upon conviction of the offenses alleged in Counts 53 through 77, defendant MARISELA CASTRO-JUAREZ shall forfeit to the United States all property, real and personal, involved in said offense and all property traceable to such property, including but not limited to, 5. If any of the forfeitable property described above in Paragraphs 2 and 4, as a result of any act or omission of the defendant -

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above in Paragraph 2.

All pursuant to Title 18, United States Code, Section 982(a).

DATED: March 7, 2008.

A TRUE BILL:

Foreperson

KAREN P. HEWITT
United States Attorney

By:
STEVE MILLER
Assistant U.S. Attorney